**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOHN F. O'BRIEN,

      *Plaintiff,*

  v.

U.S. BANK,

      *Defendant.*

Civil Action No. 19-9106

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

      Plaintiff John F. O'Brien brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-2 ("IFP App."). For the reasons discussed below, the Court grants Plaintiff's application to proceed *in forma pauperis* but dismisses Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

      When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that

for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Here, Plaintiff is bringing a claim against U.S. Bank. D.E. 1 ("Compl."). Plaintiff alleges a "[d]enial of [c]ivil [r]ights," *id.* at 2, and specifically, a denial of civil rights in the employment context, D.E. 1-1. However, Plaintiff's only factual allegation is that he "ha[s] permanent lime disease." Compl. at 3. Plaintiff includes no further explanation as to how this factual allegation relates to Defendant. Plaintiff does not indicate what alleged civil right was violated, Defendant's relation to any alleged improper conduct, or the relevance of Plaintiff's lime disease. Therefore, Plaintiff fails to plausibly state a claim against Defendant. The Court dismisses Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Given the lack of an obvious, logical relationship between Plaintiff's factual allegation and Defendant U.S. Bank, it appears that an amendment may be futile. Nonetheless, because the Plaintiff is proceeding *pro se*, the Court grants him an additional opportunity to plausibly plead a claim against Defendant.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 14th day of June, 2019,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of receipt of this Order and the accompanying Opinion, curing the noted defects. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice.[1] In addition, if Plaintiff files an amended complaint but it is still deficient, this case will be dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion & Order upon Plaintiff by regular and certified mail return receipt.

John Michael Vazquez, U.S.D.J.

---

[1] A dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendant based on the allegations in the case.